UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORMA CARMEN NAJARRO,

        Plaintiff,

        v.

J. WOLLMAN, et al.,

        Defendants.
_____/

No. C 12-1925 PJH

**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO STRIKE**

      Before the court are defendants' motions to dismiss the first amended complaint for failure to state a claim, and motion to strike the prayer for punitive damages. Plaintiff filed no opposition to the motions within the time allowed under the Civil Local Rules of this court. Having read the defendants' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions to dismiss, and DENIES the motion to strike.

**BACKGROUND**

      Pro se plaintiff Norma Carmen Najarro filed the complaint in this action in San Mateo Superior Court, on November 4, 2011. Named as defendants were J. Wollman, a Colma Police Officer; the Town of Colma; and Laura Allen, the City Manager of Colma. The complaint asserted common law causes of action for general negligence, intentional tort, and defamation, based on the allegation that J. Wollman had falsely reported in a police report that plaintiff was unable to walk because she had taken drugs and/or consumed alcohol.

On March 20, 2012, after defendants filed demurrers, plaintiff filed a first amended complaint ("FAC"), alleging general negligence, intentional tort, and products liability, plus "defamation, perjury, falsification of documents, fraud, falsed [sic] police report, abused [sic] of power, obstruction of laws, [and] obstruction of justice." The FAC names as defendants the Colma Police Department and J. Wollman, aka Wollman, Jason ("the Colma defendants"). Also named as defendants are the DMV (California Department of Motor Vehicles); Walter W. Skinner ("Skinner"), identified as "DMV San Francisco Drive Safety Manager;" and George Valverde ("Valverde"), identified as "Director DMV" ("the DMV defendants").

The FAC alleges no facts whatsoever, asserting only that defendants "all violated my legal/civil right." On April 18, 2012, the Colma defendants filed a notice of removal, alleging federal question jurisdiction, based on the reference to violations of plaintiff's "legal/civil right," which defendants interpret as showing an intent to assert claims under 42 U.S.C. § 1983.

On April 25, 2012, both the Colma defendants and the DMV defendants filed a motion to dismiss the FAC for failure to state a claim. The Colma defendants also filed a motion to strike the prayer for punitive damages.

**DISCUSSION**

A.   Legal Standards

   1.   Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts

2

are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

    2.    Motions to Strike

Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation and citation omitted). In order to determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Id. at 973-74.

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the

litigation." Colaprico v. Sun Microsystem, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec Lit., 114 F Supp. 2d 955, 965 (C.D. Cal. 2000). A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id. However, a motion to strike is proper when a defense is insufficient as a matter of law. Chiron Corp. v. Abbot Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994)

B.   Defendants' Motions

    1.   Motions to Dismiss

Defendants argue that the FAC is deficient overall because plaintiff fails to allege facts against any particular defendant; that the common law tort claims must be dismissed because plaintiff failed to allege compliance with claims presentation statutes; that the common law tort claims against the Colma Police Department are also barred by operation of California Government Code § 815; that there is no private right of action for claims of "obstruction of laws" or "obstruction of justice" or "perjury;" that the claim under 42 U.S.C. § 1983 fails to allege a violation of any federal right; that the Colma Police Department is not a public entity that can be sued under § 1983; that the § 1983 claim against the DMV fails because as an agency of the State of California, the DMV is not a "person" within the meaning of § 1983; and that the § 1983 claims against Skinner and Valverde must be dismissed because plaintiff alleges no actions taken by Skinner or Valverde against her.[1]

As an initial matter, the entire FAC is dismissed because plaintiff fails to allege any facts in support of her claims, and fails to allege any particular cause of action against any

---

[1] The DMV defendants also claim that plaintiff alleges in the FAC that the Colma defendants improperly ordered her to the DMV for a re-examination of her driver's license. They argue that any claims arising under state law are barred by the DMV's licensing immunity, under California Government Code §§ 818.4, 821.2, and that any statement attributable to the DMV that plaintiff attempts to use as a basis for her claim for defamation is privileged under state law, under California Civil Code § 47. Because the court finds no allegation in the FAC regarding a driver's license re-examination, and also finds no allegation of any statement attributable to the DMV – indeed, finds no facts at all respecting the DMV defendants – the court does not consider these arguments in ruling on the DMV defendants' 12(b)(6) motion.

4

specific defendant. As indicated above, a plaintiff is required to give each defendant "fair notice of the claim and the grounds upon which it rests[,]" and the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations and quotations omitted). Here, because plaintiff alleges no facts in the FAC, and does not specify which causes of action are being asserted against which defendant(s), she has failed to place any defendant on notice of the claims being asserted against him/her/it.

With regard to the common law tort claims – general negligence, intentional torts, products liability, defamation, and fraud (which appears to incorporate the claims for falsification of documents and false police report) – plaintiff has failed to allege that she presented a government tort claim to any government entity, as required by California Government Code §§ 945.4, 950.2.

It is well-established that a government claim must be filed with the public entity before any tort action can be brought against the entity or against any public employee. Watson v. State of California, 21 Cal. App. 4th 836, 843-44 (1993). Plaintiff was previously placed on notice of this requirement when the Colma defendants filed their demurrer while the action was pending in state court.

In addition, the Town of Colma and the DMV, as public entities, are immune from liability under all common law theories, pursuant to California Government Code § 815(a). Liability against public entities in California is limited to that specifically imposed by statute. Williams v. Horvath, 16 Cal. 3d 834, 838 (1976).

The claims of "obstruction of laws," "obstruction of justice," and "perjury" are dismissed because there is no private right of action for any of those claims. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"); see also Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (criminal statutes do not generally provide a private cause of action nor basis for civil liability).

As for the claim or claims under § 1983 – to the extent that the claim for violation of legal/civil right" can be interpreted as a claim under § 1983 – the court finds that the FAC

fails to state a claim. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). It is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Here, plaintiff alleges no facts showing that any defendant violated her federal Constitutional or statutory rights. Accordingly, the § 1983 claim is dismissed on that basis. In addition, because state agencies and state officials acting in their official capacity cannot be sued under § 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 n.3 (9th Cir. 1999), the claims against the DMV and against Skinner and Valverde in their official capacities must be dismissed.

     2.     Motion to Strike

The Colma defendants seek an order striking the prayer for punitive damages from the FAC. They assert – correctly – that California Government Code § 818 bars the recovery of punitive damages from a public entity. Thus, should plaintiff in this case prevail in any of her claims against the Town of Colma, including claims against the Colma Police Department, she will as a matter of law not be entitled to seek or recover punitive damages from the Town of Colman.

Nevertheless, a motion to strike pursuant to Rule 12(f) is not the appropriate avenue for challenging a request for punitive damages. See Whittlestone, 618 F.3d at 971, 973-76. Accordingly, although plaintiff will be precluded by Government Code § 818 from seeking punitive damages against the Town of Colma (or the Colma Police Department), the court is not authorized under Rule 12(f) to strike the prayer for punitive damages at this point. For this reason, defendants' motion is DENIED with respect to this matter.

**CONCLUSION**

In accordance with the foregoing, the motions to dismiss the FAC are GRANTED, and the motion to strike the prayer for punitive damages is DENIED.

The common law tort claims – general negligence, intentional torts, products liability, defamation, and fraud (which appears to incorporate the claims for falsification of documents and false police report) are dismissed with prejudice as against the Town of Colma and the DMV, based on Government Code § 815 immunity.

The common law tort claims against Officer Wollman, and against Skinner and Valverde are dismissed with leave to allege compliance with the claims presentation statute, and also to allege facts supporting the claims.

The claims of "obstruction of laws," "obstruction of justice," and "perjury" are dismissed with prejudice because there is no private right of action for any of those claims.

The § 1983 claims against the Colma defendants are dismissed with leave to amend to allege facts in support of those claims, including allegations supporting the federal Constitutional or statutory violation that supports the § 1983 claim, allegations showing which defendant is alleged to have committed which violation, and allegations clarifying that the claims are being asserted against the Town of Colma and not against the Colma Police Department.

The § 1983 claim or claims against the DMV and against Skinner and Valverde in their official capacity are dismissed with prejudice. The § 1983 claims against Skinner and Valverde in their individual capacities are dismissed with leave to amend to allege facts in support of those claims (including allegations supporting the federal Constitutional or statutory violation), and also to allege facts showing the personal involvement of Skinner and Valverde in whatever violations plaintiff is asserting.

The FAC is dismissed in its entirety, with leave to amend only as set forth above. No additional defendants or causes of action may be added unless plaintiff first obtains agreement of the defendants or leave of court. In addition, the causes of action must be set forth in separate paragraphs, and the allegations against each defendant must be

clearly stated.  Any amended complaint must be filed no later than June 29, 2012.  If no amended complaint is filed by that date, the action will be dismissed.

The June 20, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: May 30, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge