United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORMA CARMEN NAJARRO,

    Plaintiff,

  v.

J. WOLLMAN, et al.,

    Defendants.
                             /

No. C 12-1925 PJH

**ORDER OF DISMISSAL**

      This is a case brought under 42 U.S.C. § 1983, alleging claims of constitutional violations in connection with an incident that resulted in the suspension of plaintiff Norma Carmen Najarro's California driver's license.

      The background of the case is as set forth in the court's May 30, 2012 order. See Najarro v. Wollman, 2012 WL 1945502 at *1 (N.D. Cal. May 30, 2012).

      On May 30, 2012, the court issued an order granting defendants' motion to dismiss the first amended complaint ("FAC"). The state law claims were dismissed with prejudice, and dismissal was with leave to amend as to the federal claims under § 1983. The court ordered that any amended complaint must be filed no later than June 29, 2012.

      On May 31, 2012, plaintiff filed a second amended complaint ("SAC"). On June 14, 2012, defendants filed motions to dismiss, arguing that plaintiff had failed to comply with the court's directions regarding amending the complaint, and that the FAC failed to state a claim against any of the defendants.

      On June 20, 2012, the court issued an order granting the motions, and also noted

that because the order dismissing the FAC had been mailed to plaintiff on May 30, 2012, it was probable that plaintiff had not received it before filing the SAC. Accordingly, the court directed plaintiff to file a third amended complaint that complied with the May 30, 2012 order. The deadline for filing the third amended complaint was July 18, 2012.

On July 7, 2012, plaintiff submitted a letter to the court stating, in essence, that her driver's license had been "revoked," that she had contacted the California Department of Motor Vehicles ("DMV"), that she had been advised by the DMV that her license would be "returned" if she submitted a report of a medical examination, that she had then provided the DMV with the medical examination results, and that she still has not received her driver's license. Plaintiff submitted a copy of the medical examination results with her letter. The date on the medical examination form is March 31, 2012. Plaintiff does not indicate when she provided the completed form to the DMV, but the court presumes it was on or shortly after March 31, 2012.

Plaintiff also stated that she is "not asking for money" and requested only that her "driver license privilege" be returned "and dismiss this case." The court interprets this as a request that the court order the DMV to restore her driving privileges, along with a statement of her intent to dismiss the remainder of the case including the claims for monetary damages. It appears from plaintiff's letter to the court that she has not yet received a response from the DMV, and that she wants this court to order the DMV to take action.

Plaintiff did not file a third amended complaint by the July 18, 2012 deadline.

## DISCUSSION

### A. California Administrative Procedures

In California, "'where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.'" Marquez v. Gourley, 102 Cal. App. 4th 710, 713 (2002) (quoting Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941)). "This exhaustion requirement 'is a jurisdictional prerequisite, not a matter of judicial discretion.'" Id. (quoting Yamaha Motor Corp. v.

Superior Court, 185 Cal. App.3d 1232, 1240 (1986)).

When the DMV gives notice to an individual that his/her driver's license is suspended, the individual may demand an administrative hearing within 10 days of receiving notice. See Cal. Veh. Code § 14100(a). "At the hearing, the department considers its official records and may receive sworn testimony." Elizabeth D. v. Zolin, 21 Cal. App. 4th 347, 353 (1993) (citing Cal. Veh. Code § 14104.7). Furthermore, medical evidence can also be submitted "relat[ed] to [the] individual's ability to safely operate a motor vehicle." Id. (citing Cal. Veh. Code § 14104.7(a), (c)).

Here, there is nothing to suggest plaintiff exhausted administrative remedies before seeking judicial review. First, there is nothing in the record demonstrating that the DMV has issued a decision following plaintiff's submission of the medical examination results. Second, there is nothing to suggest that she requested an administrative hearing. Accordingly, this court does not have the jurisdiction to review the DMV's suspension of plaintiff's driver's license.

Once plaintiff exhausts the DMV's administrative remedies, California Code of Civil Procedure § 1094.5 provides "the means for judicially reviewing final decisions of administrative agencies." Id. (citing Coombs v. Pierce, 1 Cal. App. 4th 568, 574 (1991)). "'A driver's license is a fundamental right for the purpose of selecting the standard of judicial review of an administrative decision to suspend or revoke such license. In the matter before us, suspension . . . may be entirely appropriate, but it should be ordered only after the administrative record receives that independent judgment review.'" Id. (quoting Berlinghieri v. Department of Motor Vehicles, 33 Cal.3d 392, 398 (1983)) (internal quotations omitted).

In Elizabeth D., the DMV suspended the plaintiff's driver's license for medical reasons and she subsequently requested an administrative hearing. 21 Cal. App. 4th at 350-51. The DMV sustained the suspension both after the hearing and after administrative review. Id. at 351. The plaintiff then filed a petition for a writ of mandamus in superior court, whereby the court ultimately reinstated the plaintiff's driver's license. Id. at 351-52.

3

1 On appeal, the California Court of Appeal reversed and remanded the case, partly because
2 the plaintiff failed to provide a sufficient record for review. Id. at 353-55.
3      Here, because plaintiff has not exhausted available administrative remedies, nor
4 requested an administrative hearing, it is clear that there is not a sufficient record for
5 judicial review.

6 **B.  Petition for Administrative Mandamus**

7      Federal courts "may issue all writs necessary or appropriate in aid of their respective
8 jurisdictions . . . ."  28 U.S.C. § 1651(a).  Moreover, "[t]he district courts shall have original
9 jurisdiction of any action in the nature of mandamus to compel an officer or employee of the
10 United States or any agency thereof to perform a duty . . . ."  28 U.S.C. § 1361.
11 Specifically, "[m]andamus relief is only available to compel an officer of the United States to
12 perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is
13 'ministerial and so plainly prescribed as to be free from doubt[;]' and (3) no other adequate
14 remedy is available."  Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations
15 omitted).

16      Because this court's mandamus jurisdiction is limited to compelling action from
17 federal officers or employees, it is unable to issue a writ of mandamus to compel a state or
18 a state agency to act.  See, e.g., Demos v. U.S. Dist. Court, 925 F.2d 1160, 1161 (9th Cir.
19 1991); Motley v. California, 2011 WL 3502621 at *1 (N.D. Cal. Aug. 10, 2011).  Accordingly,
20 even were plaintiff to file a petition for administrative mandamus, this court would be
21 powerless to order the DMV to restore plaintiff's driving privileges.  This is despite the fact
22 that as mentioned above, there is nothing in the record demonstrating that plaintiff
23 exhausted administrative remedies by requesting an administrative hearing with the DMV.

24 **CONCLUSION**

25      The court has considered the five factors set forth in Malone v. United States Postal
26 Service, 833 F.2d 128, 130 (9th Cir. 1987), and has determined that notwithstanding the
27 public policy favoring the disposition of actions on their merits, the court's need to manage
28 its docket and the public interest in the expeditious resolution of the litigation require

dismissal of this action.  In view of plaintiff's failure to file an amended complaint in compliance with the court's orders issued May 30, 2012, and June 20, 2012, even after having been advised that failure to amend the complaint would result in dismissal of the action, the court finds that dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

In addition, based on the indication in plaintiff's July 7, 2012 letter that she seeks only an order compelling the DMV to lift the suspension of her driver's license, the court finds that it lacks subject matter jurisdiction over the sole remaining claim or claims.  The dismissal is without prejudice to refiling a claim against the DMV in state court, once the administrative prerequisites have been satisfied.

**IT IS SO ORDERED.**

Dated: July 26, 2012

Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE